UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
   _____

   EMMANUEL W. GACHAU,                   No. 1:17-cv-6595 (NLH/JS)

           Plaintiff,                    **OPINION**

       v.

   RLS COLD STORAGE and CHOPTANK
   TRANSPORT,

           Defendants.
   _____

**APPEARANCES**:

EMMANUEL W. GACHAU
1691 GRANDFLORA AVE
CLERMONT, FL 34711
    Appearing pro se

HARRIS NEAL FELDMAN
PARKER MCCAY P.A.
9000 MIDLANTIC DRIVE
SUITE 300
P.O. BOX 5044
MOUNT LAUREL, NJ 08054
    On behalf of Defendant RLS Cold Storage

ERIC SCOTT THOMPSON
FRANKLIN & PROKOPIK
300 DELAWARE AVENUE
SUITE 1200
WILMINGTON, DE 19801
    On behalf of Defendant Choptank Transport

**HILLMAN, District Judge**

   Pro se Plaintiff Emmanuel Gachau brings this action under the Federal Trade Commission Act, 15 U.S.C. §§ 41-58 (FTCA). Before the Court are Defendant RLS Cold Storage's and Choptank

Transport's Motions to Dismiss. The Court finding it lacks federal question jurisdiction and that Plaintiff has not properly pleaded diversity jurisdiction, the Court will grant Defendants' Motions to Dismiss for lack of subject matter jurisdiction.

## I.

The Court takes its facts from Plaintiff's August 31, 2017 Complaint. On September 18, 2015, Plaintiff was hired by Choptank Transport to transport frozen strawberries from Texas to New Jersey. On September 21, 2015, Plaintiff arrived as scheduled at the New Jersey location at 7:00 AM to deliver the load at the RLS Cold Storage facility. Plaintiff checked in and was instructed to unload at door sixteen. Before Plaintiff backed the trailer in, an RLS Cold Storage employee took a picture of the temperature of the refrigerated unit at 3.4 degrees Fahrenheit, of the seal before opening the trailer doors, and of the cargo after opening the cargo doors. The employee then instructed Plaintiff to back the trailer in to be unloaded.

After waiting 1-1.5 hours, the employee told Plaintiff that the shipment was being rejected due to the high temperature of the product. According to Plaintiff, door sixteen was not a refrigerated part of the warehouse. Plaintiff pleads he later discovered that this part of the building was where RLS Cold

Storage stored cardboard boxes and was maintained at room temperature. Plaintiff alleges that, after he complained,

> [t]he same RLS staff member who rejected the load then grabbed the bill of lading out of [his] hand and hand wrote with an ink pen "quality" but the original rejection due to high temperature was a photocopy. [T]his was another deliberate act when she realized she got exposed to what she had done. Now she wanted to blame the claim on quality but forgot the bill she handed me was a photocopy.

Plaintiff pleads that an inspection later occurred, in which Defendants failed to provide necessary evidence to the inspection company. Plaintiff argues: "[C]hoptank Transport vice president and legal affairs boss consealed [sic] and colluded with RLS to holding all the evidence I provided."

As a result, Plaintiff alleges his filing of a claim with his insurance company over this incident resulted in his insurance being cancelled and him having to obtain more expensive insurance. Plaintiff further claims this incident required him "to start all over as a new company," resulting in "all brokerage companies view[ing him] as new." He then pleads that he could not pass a Department of Transportation inspection, that he was unable to maintain his equipment, and that, on May 8, 2017, he lost his insurance and his operating authority was revoked by the Department of Transportation. Plaintiff argues this resulted in two months of no income.

Plaintiff filed his Complaint in this matter on August 31, 2017. On October 12, 2017, Choptank Transport filed a Motion to Dismiss. On October 30, 2017, RLS Cold Storage also filed a Motion to Dismiss.

Defendant RLS Cold Storage moves to dismiss, in part for lack of subject matter jurisdiction.[1] The Court begins there.

**II.**

Federal Rule of Civil Procedure 12(b)(1) permits a court to dismiss a case for lack of subject matter jurisdiction. There are two types of motions that fall under Rule 12(b)(1): "12(b)(1) motions that attack the complaint on its face and 12(b)(1) motions that attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings." Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).

> A facial attack, as the adjective indicates, is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court, because, for example, it does not present a question of federal law, or because there is no indication of a diversity of citizenship among the parties, or because some other jurisdictional defect is present. . . . A factual attack, on the other hand, is an argument that there is no subject matter jurisdiction because the facts of the case – and here the District Court may look beyond the pleadings to ascertain the

---

[1] Choptank Transport argues the same basis for the lack of this Court's subject matter jurisdiction. While both parties frame their argument as one made under Rule 12(b)(6), the Court considers this portion of their argument to be a grounds for dismissal pursuant to Rule 12(b)(1).

> facts – do not support the asserted jurisdiction. . . . In sum, a facial attack "contests the sufficiency of the pleadings," "whereas a factual attack concerns the actual failure of a [plaintiff's] claims to comport [factually] with the jurisdictional prerequisites."

Constitution Party of Pa. v. Aichele, 757 F.3d 347, 358 (3d Cir. 2014) (alterations in original) (citations omitted) (first quoting In re Schering Plough Corp. Intron, 678 F.3d 235, 243 (3d Cir. 2012); and then quoting CNA v. United States, 535 F.3d 132, 139 (3d Cir. 2008)).

This is a facial 12(b)(1) motion. Thus, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." Id. (quoting In re Schering Plough, 678 F.3d at 243). The Court applies "the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6), i.e., construing the alleged facts in favor of the nonmoving party." Id.

## III.

Plaintiff asserts federal question as the basis for this Court's jurisdiction. "'[F]ederal question' jurisdiction may arise in two ways." Goldman v. Citigroup Global Mkts., Inc., 834 F.3d 242, 249 (3d Cir. 2016). First, "a case arises under federal law when federal law creates the cause of action asserted." Id. (quoting Gunn v. Minton, 133 S. Ct. 1059, 1064 (2013)). "However, even if the cause of action is based on

5

state law, there is a 'special and small category of cases in which arising under jurisdiction still lies.'" Id. (quoting Gunn, 133 S. Ct. at 1064). "[F]ederal jurisdiction over a state law claim will lie if a federal issue is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Id. (quoting Gunn, 133 S. Ct. at 1065). Jurisdiction under this scenario is based on the Supreme Court's decision in Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308 (2005).

Under either scenario, "the party asserting jurisdiction must satisfy the 'well-pleaded complaint rule,' which mandates that the grounds for jurisdiction be clear on the face of the pleading that initiates the case." Id. (citing Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal., 463 U.S. 1, 9-11 (1983)). "In short, 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Id. (quoting Franchise Tax Bd., 463 U.S. at 27-28).

In considering Plaintiff's Complaint, the Court takes into account Plaintiff's pro se status. Courts "tend to be flexible when applying procedural rules to pro se litigants, especially when interpreting their pleadings." Mala v. Crown Bay Marina,

6

Inc., 704 F.3d 239 (3d Cir. 2013).  Indeed, this is an "obligation" for district courts, "driven by the understanding that '[i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.'"  Higgs v. Attorney Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011) (alteration in original) (quoting Tristman v. Fed. Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006)).  Just "because it is difficult to interpret a pro se litigants pleadings" does not mean "it is not necessary to do so."  Id.

Plaintiff pleads the Court has jurisdiction under the FTCA.  However, "a private right of action does not exist under the FTCA."  Kim v. Genesis Co., Ltd., No. 15-8556, 2017 WL 4861669, at *4 (D.N.J. Oct. 26, 2017) ("Courts have almost uniformly rejected an implied right of action under the FTCA." (citing authorities)); accord Copeland v. Newfield Nat'l Bank, No. 17-17, 2017 WL 6638202, at *3 (D.N.J. Dec. 29, 2017) ("Federal courts across the country have consistently held that the FTCA does not permit a private cause of action, and such claims are routinely dismissed.").  Plaintiff pleads no other federal cause of action, nor any other substantial federal issue which this Court can use as a basis for this Court's jurisdiction.  The

most liberal reading of Plaintiff's Complaint does not provide a basis for federal question jurisdiction.

Plaintiff's other submissions to the Court further seem to assert violations of federal antitrust laws, homeland security laws, and food and drug administration laws. Plaintiff further advises the Court of purported criminal activity by Defendants.[2] While the Court must liberally construe Plaintiff's Complaint, there are no factual allegations sufficient to support causes of action under other federal laws in Plaintiff's Complaint. Further, Plaintiff's claims of criminal acts by Defendants cannot be resolved by the Court in this civil action.

Finding no federal question jurisdiction, the Court considers whether diversity jurisdiction is appropriate. Broadly construing Plaintiff's pro se complaint, interpreted in light of later filings, the Court can discern purported state law claims for breach of contract, fraud, and conspiracy to commit fraud. As Plaintiff has not pleaded diversity, this Court cannot assert diversity jurisdiction over this matter at this time.[3] The Court also notes it has serious doubts that the

---

[2] Choptank Transport asks the Court to strike Plaintiff's December 4, 2017 submission, which asserts the purported criminal activity of Defendants. The Court will not strike the submission.

[3] In the event Plaintiff decides to file a motion to reopen attaching an amended complaint pleading diversity jurisdiction, Plaintiff is reminded of the federal standards in pleading

amount in controversy requirement is satisfied. Plaintiff's Complaint asks for $2,500,000 in damages. Defendants argue there is no basis for this amount of damages.

> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the

---

diversity. See McCann v. Newman Irrevocable Tr., 458 F.3d 281, 286 (3d Cir. 2006) ("Citizenship is synonymous with domicile, and 'the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning.'" (quoting Vlandis v. Kline, 412 U.S. 441, 454 (1973))); Vanz, LLC v. Mattia & Assocs., No. 13-1392, 2016 WL 3148400, at *3 (D.N.J. May 17, 2016) ("The citizenship of a natural person is determined by their domicile, not their residence(s). That is because a natural person may have many residences, but only one domicile. Domicile is the location of a person's 'true fixed home . . . to which, whenever he is absent, he has the intention of returning.'" (alterations in original) (footnote omitted) (first citing Zambelli Fireworks Mfg. Co., 592 F.3d at 419; and then quoting Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000))), adopted by Vanz, LLC v. Mattia & Assocs., No. 13-1392, 2016 WL 3148386 (D.N.J. June 1, 2016); Witasick v. Hambrecht, No. 12-3755, 2013 WL 1222680, at *2 (D.N.J. Mar. 25, 2013) ("[A]n individual may only have one domicile, and thus may only be a citizen of one state for diversity jurisdiction purposes. Residence and domicile are not the same for legal purposes, as residency alone does not establish citizenship." (citation omitted) (citing Williamson v. Osenton, 232 U.S. 604, 614 (1914))); see also S. Freedman & Co. v. Raab, 180 F. App'x 316, 320 (3d Cir. 2006) (explaining that, "[i]n order to adequately establish diversity jurisdiction, a complaint must set forth with specificity a corporate party's state of incorporation and its principal place of business," and affirming dismissal of complaint alleging that corporation maintained "a principal place of business," rather than "its principal place of business").

jurisdiction. Nor does the fact that the complaint discloses the existence of a valid defense to the claim. But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.

St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938). Courts "assess the amount in controversy as of 'the time that the complaint was filed . . . .'" Breeman v. Everingham (In re Paulsboro Derailment Cases), 704 F. App'x 78, 84 (3d Cir. 2017) (quoting Auto-Owners Ins. Co. v. Stevens & Ricci Inc., 835 F.3d 388, 395 (3d Cir. 2016)). "If during the course of pretrial proceedings, however, facts come to light making it apparent that the threshold amount of damages simply was never available as a matter of law, that discovery may be deemed a 'revelation' of facts as they existed at the time of filing." Id. (citing Huber v. Taylor, 532 F.3d 237, 244 (3d Cir. 2008)).

> While courts generally rely on the plaintiff's allegations of the amount in controversy as contained in the complaint, "where a defendant or the court challenges the plaintiff's allegations regarding the amount in question, the plaintiff who seeks the assistance of the federal courts must produce sufficient evidence to justify its claims."

Suber v. Chrysler Corp., 104 F.3d 578, 583 (3d Cir. 1997) (quoting Columbia Gas Transmission Corp. v. Tarbuck, 62 F.3d 538, 541 (3d Cir. 1995)).

In responding to Defendants' Motion to Dismiss, Plaintiff provides no basis for his demand of $2,500,000 in damages. The Court has serious doubts that this figure was pleaded in good faith.[4] In any event, as Plaintiff has not pleaded diversity of citizenship, this Court is unable to conclude it has diversity jurisdiction at this time. Finding this Court lacks both federal question jurisdiction and diversity jurisdiction at this time, the Court will grant Defendants' Motions to Dismiss.

An appropriate Order will be entered.


Date: April 24, 2018           s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.

---

[4] The Court notes that it appears the September 2015 shipment was for payment of only $3,000.