```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
```

EMMANUEL W. GACHAU,                    No. 1:17-cv-6595 (NLH/JS)

       Plaintiff,           **OPINION**

   v.

RLS COLD STORAGE and CHOPTANK
TRANSPORT,

       Defendants.

**APPEARANCES**:

EMMANUEL W. GACHAU
1691 GRANDFLORA AVE
CLERMONT, FL 34711
    Appearing pro se

HARRIS NEAL FELDMAN
KATHRYN A. SOMERSET
PARKER MCCAY P.A.
9000 MIDLANTIC DRIVE
SUITE 300
P.O. BOX 5044
MOUNT LAUREL, NJ 08054
    On behalf of Defendant RLS Cold Storage

ERIC SCOTT THOMPSON
FRANKLIN & PROKOPIK
300 DELAWARE AVENUE
SUITE 1200
WILMINGTON, DE 19801
    On behalf of Defendant Choptank Transport

**HILLMAN**, District Judge

    Pro se Plaintiff Emmanuel Gachau brings this Motion to Reopen following the Court's dismissal of his case. For the

reasons that follow, the Court denies Plaintiff's motion, as the Court lacks subject matter jurisdiction

The Court takes its facts from its April 24, 2018 Opinion. On September 18, 2015, Plaintiff was hired by Choptank Transport to transport frozen strawberries from Texas to New Jersey. On September 21, 2015, Plaintiff arrived as scheduled at the New Jersey location at 7:00 AM to deliver the load at the RLS Cold Storage facility. Plaintiff checked in and was instructed to unload at door sixteen. Before Plaintiff backed the trailer in, an RLS Cold Storage employee took a picture of the temperature of the refrigerated unit at 3.4 degrees Fahrenheit, of the seal before opening the trailer doors, and of the cargo after opening the cargo doors. The employee then instructed Plaintiff to back the trailer in to be unloaded.

After waiting 1-1.5 hours, the employee told Plaintiff that the shipment was being rejected due to the high temperature of the product. According to Plaintiff, door sixteen was not a refrigerated part of the warehouse. Plaintiff pleads he later discovered that this part of the building was where RLS Cold Storage stored cardboard boxes and was maintained at room temperature. Plaintiff alleges that, after he complained,

> [t]he same RLS staff member who rejected the load then grabbed the bill of lading out of [his] hand and hand wrote with an ink pen "quality" but the original rejection due to high temperature was a photocopy. [T]his was another deliberate act when she realized she

2

got exposed to what she had done. Now she wanted to blame the claim on quality but forgot the bill she handed me was a photocopy.

Plaintiff pleads that an inspection later occurred, in which Defendants failed to provide necessary evidence to the inspection company. Plaintiff argues: "[C]hoptank Transport vice president and legal affairs boss consealed [sic] and colluded with RLS to holding all the evidence I provided."

Plaintiff further alleges that after filing a claim with his insurance company over this incident, his insurance was cancelled and him had to obtain more expensive insurance. Plaintiff further claims this incident required him "to start all over as a new company," resulting in "all brokerage companies view[ing him] as new." He then pleads that he could not pass a Department of Transportation inspection, that he was unable to maintain his equipment, and that, on May 8, 2017, he lost his insurance and his operating authority was revoked by the Department of Transportation. Plaintiff argues this resulted in two months of no income.

Plaintiff filed his Complaint in this matter on August 31, 2017. On October 12, 2017, Choptank Transport filed a Motion to Dismiss. On October 30, 2017, RLS Cold Storage also filed a Motion to Dismiss. On April 24, 2018, the Court granted Defendants' Motions to Dismiss.

In the Court's April 24, 2018 Opinion, the Court concluded

that Plaintiff failed to plead federal question or diversity subject matter jurisdiction. In particular, while Plaintiff attempted to plead federal question jurisdiction under the Federal Trade Commission Act, the Court concluded there was no private right of action under the Act. Plaintiff did not plead any other federal cause of action or other substantial federal issue that could be the basis for federal question jurisdiction. Plaintiff further did not plead diversity, and the Court noted its serious doubts regarding the $2,500,000 amount in controversy asserted by Plaintiff. The Court granted Defendants' Motions to Dismiss, dismissed the complaint without prejudice, and allowed Plaintiff an opportunity to move to reopen his case. Plaintiff was instructed to attach a proposed amended complaint to such motion. Plaintiff thereafter filed a Motion to Reopen.

The Court will deny Plaintiff's Motion to Reopen. The Court begins by noting Plaintiff did not attach a proposed amended complaint to his motion, as instructed by this Court. The Court will not deny the motion for this procedural defect alone. However, Plaintiff's arguments to reopen his case fail to show that Plaintiff would be able to sufficiently plead subject matter jurisdiction. Plaintiff argues this Court has subject matter jurisdiction under federal question jurisdiction, 28 U.S.C. § 1331, and diversity jurisdiction, 28 U.S.C. § 1332.

The Court begins with federal question jurisdiction.

Plaintiff's Motion to Reopen argues this Court has federal question jurisdiction based on his claim under 18 U.S.C. § 1346. However, 18 U.S.C. § 1346 does not support a private cause of action. See Kaul v. Christie, No. 16-2364, 2017 U.S. Dist. LEXIS 102007, at *49 n.29 (D.N.J. June 30, 2017); McCann v. Falato, No. 14-4896, 2015 U.S. Dist. LEXIS 144526, at *7 (D.N.J. Oct. 23, 2015); Hooten v. Greggo & Ferrara Co., No. 10-776, 2012 U.S. Dist. LEXIS 143118, at *16-17 (D. Del. Oct. 3, 2012). Plaintiff has not shown this Court has federal question jurisdiction.

Plaintiff also attempts to argue diversity jurisdiction, stating "RLS COLD STORAGE operates its business in the state of NEW JERSEY, CHOPTANK TRANSPORT INC in the state of MARYLAND, and Emmanuel W Gachau PSALMS TRANSPORTATION LLC in the state of FLORIDA." Plaintiff also asks the Court to construe his requested relief of $2,500,000 as a good faith claim for damages.

The Court's April 2018 Opinion, recognizing Plaintiff was proceeding pro se, specifically outlined the minimum requirements of pleading the citizenship of the parties.[1]

---

[1] The Court's Opinion specifically instructed:

> In the event Plaintiff decides to file a motion to reopen attaching an amended complaint pleading diversity

Plaintiff has failed to plead the citizenship of all three parties.[2] While courts have an obligation "to be flexible when

---

jurisdiction, Plaintiff is reminded of the federal standards in pleading diversity. See McCann v. Newman Irrevocable Tr., 458 F.3d 281, 286 (3d Cir. 2006) ("Citizenship is synonymous with domicile, and 'the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning.'" (quoting Vlandis v. Kline, 412 U.S. 441, 454 (1973))); Vanz, LLC v. Mattia & Assocs., No. 13-1392, 2016 WL 3148400, at *3 (D.N.J. May 17, 2016) ("The citizenship of a natural person is determined by their domicile, not their residence(s). That is because a natural person may have many residences, but only one domicile. Domicile is the location of a person's 'true fixed home . . . to which, whenever he is absent, he has the intention of returning.'" (alterations in original) (footnote omitted) (first citing Zambelli Fireworks Mfg. Co., 592 F.3d at 419; and then quoting Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000))), adopted by Vanz, LLC v. Mattia & Assocs., No. 13-1392, 2016 WL 3148386 (D.N.J. June 1, 2016); Witasick v. Hambrecht, No. 12-3755, 2013 WL 1222680, at *2 (D.N.J. Mar. 25, 2013) ("[A]n individual may only have one domicile, and thus may only be a citizen of one state for diversity jurisdiction purposes. Residence and domicile are not the same for legal purposes, as residency alone does not establish citizenship." (citation omitted) (citing Williamson v. Osenton, 232 U.S. 604, 614 (1914))); see also S. Freedman & Co. v. Raab, 180 F. App'x 316, 320 (3d Cir. 2006) (explaining that, "[i]n order to adequately establish diversity jurisdiction, a complaint must set forth with specificity a corporate party's state of incorporation and its principal place of business," and affirming dismissal of complaint alleging that corporation maintained "a principal place of business," rather than "its principal place of business").

[2] While Plaintiff attempts to plead the citizenship of Psalms Transportation, Psalms Transportation is not a plaintiff in this action. Plaintiff does not attempt to plead his own citizenship.

applying procedural rules to pro se litigants, especially when interpreting their pleadings," Mala v. Crown Bay Marina, Inc., 704 F.3d 239 (3d Cir. 2013), Plaintiff has not only failed to provide a proposed amended complaint for the Court's review, but Plaintiff has, for the second time, failed to provide a basis for this Court's subject matter jurisdiction.  Subject matter jurisdiction is an ironbound prerequisite for litigation in federal court and cannot be waived.

Finding subject matter jurisdiction lacking, the Court will deny Plaintiff's Motion to Reopen.  An appropriate Order will be entered.



Date: August 22, 2018        s/ Noel L. Hillman
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.